# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

TABITHA MCKENZIE,

    Plaintiff,

v.                                            Case No. 5:24-cv-98-TKW/MJF

KEVIN CREWS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Upon review of Plaintiff Tabitha McKenzie's complaint, the undersigned recommends that this action be dismissed as malicious, under 28 U.S.C. § 1915A(b)(1), for Plaintiff's abuse of the judicial process in failing to disclose completely and honestly her litigation history.

### I.  BACKGROUND

Plaintiff is a pretrial detainee currently confined at Jackson County Correctional Institution and her inmate number is "23000958." Doc. 1 at 1, 4. On May 20, 2024, Plaintiff, commenced this civil action against Kevin Crews, the sheriff of Washington County. Doc. 1 at 2. Plaintiff asserts that Defendant violated the Fourteenth Amendment and the Eighth Amendment. *Id.* at 7. Plaintiff requests compensatory damages.

## II. DISCUSSION

### A. Screening of Plaintiff's Complaint

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, is malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list her litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding her litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious" under section 1915A(b)(1). *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686,

2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (per curiam) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915."); *Sears v. Haas*, 509 F. App'x 935, 935–36 (11th Cir. 2013) (per curiam) (holding that dismissal of a prisoner-plaintiff's case for abuse of the judicial process under section 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); *Harris v. Warden*, 498 F. App'x 962, 964–65 (11th Cir. 2012) (per curiam) (same); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132–33 (11th Cir. 2012) (per curiam) (same).

**B.   Plaintiff's Disclosures**

Section VIII of the complaint form utilized by Plaintiff seeks information regarding Plaintiff's prior litigation. Doc. 1 at 7. The complaint form expressly warns "***Be advised that failure to disclose all prior state and federal cases . . . may result in the dismissal of this case.***" *Id.* The complaint form asks three questions:

> A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim or prior to service?

B. Have you filed other lawsuits in either **state or federal court** dealing with the same facts or issues involved in this case?

C. Have you filed any other lawsuit, habeas corpus petition, or appeal in **state or federal court** either challenging your conviction or relating to the conditions of your confinement?

*Id.* at 9–10. Additionally, the complaint form instructs that if the plaintiff responds "yes" to any of these questions, the plaintiff must disclose *all* responsive cases. *Id.* at 9, 10.

Plaintiff did not complete Question A and did not disclose any responsive cases. *Id.* at 9. In response to Question B, Plaintiff answered "No." *Id.* at 10. In response to Question C, Plaintiff responded "Yes." Plaintiff disclosed that she had filed only one civil action in federal court: *McKenzie v. Barton ("McKenzie I")*, No. 5:23-cv-178-TKW-MAF (N.D. Fla. dismissed October 16, 2023). *Id.* at 12.

At the end of the complaint form, Plaintiff signed her name after the following statement: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, *including my litigation history*, is true and correct." *Id.* at 11, 13 (emphasis added). Thus, at the time Plaintiff signed and submitted the complaint, Plaintiff

asserted under the penalty of perjury that she had filed only one federal case.

## C. Plaintiff's Omission

The undersigned takes judicial notice that, when Plaintiff filed her complaint, she failed to disclose at least one case that she filed in federal court relating to her conditions of her confinement: *McKenzie v. Love ("McKenzie II")*, No. 4:23-cv-198-AW-MAF (N.D. Fla. dismissed Aug. 28, 2023).

*McKenzie II* is attributable to Plaintiff because in *McKenzie II*, Plaintiff filed a "Notice Change Address." Doc. 75. In that filing, Plaintiff stated that she had filed both *McKenzie* I—the case Plaintiff chose to disclose—and *McKenzie II*. *See* Notice Change Address at 1, *McKenzie II*, No. 4:23-cv-198-AW-MAF (N.D. Fla. May 21, 2024).

*McKenzie II* clearly relates to the conditions of Plaintiff's confinement. In it, Plaintiff alleges that she was attacked by an inmate while incarcerated. Complaint at 2, *McKenzie II*, No. 4:23-cv-198-AW-MAF (N.D. Fla. May 24, 2023). Because Plaintiff failed to disclose this case in her complaint in the Northern District of Florida, Plaintiff violated her duty of candor to the District Court.

D.   <u>**The Materiality of Plaintiff's Omission**</u>

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Spires v. Taylor*, No. 3:00-cv-249-RH (N.D. Fla. Oct. 30, 2000), ECF No. 10 at 2. Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous." *In re Epps*, 888 F.2d at 969; *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation"). Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine their litigation experience and familiarity with the legal terrain.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their

ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261–62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require prisoner-plaintiffs to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable. This is especially true in this case where a plaintiff has filed a substantial number of cases. **Plaintiff has filed at least eight cases since July 2023**. When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions.

Here, Plaintiff falsely responded to questions on the complaint form as detailed above. She knew from reading the complaint form that she was required to disclose *all prior* cases. Doc. 1 at 7, 9. She also was aware that the penalty for failing to disclose her prior litigation history was dismissal. Indeed, the complaint form expressly warns prisoners. "***Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.***" *Id.* at 7. There is no excuse for Plaintiff's failure to respond truthfully to the questions on the complaint form. The questions were straightforward and easily understandable. *See Kendrick*, 2022 WL 2388425, at *3 (noting that the questions on the complaint form were not complicated and the plaintiff's *pro se* status was not an excuse for failing to honestly answer the straightforward questions).

To the extent Plaintiff could not remember fully her litigation history or was unsure whether to disclose this case, Plaintiff could have indicated that on the complaint form. She did not. Rather, Plaintiff affirmatively misrepresented that she had only filed one case. Furthermore, Plaintiff was aware that she should maintain in her

property a list of all prior cases. At the commencement of a lawsuit, the clerk of the court sends a notice to *pro se* litigants advising litigants to keep a copy of all filings in their respective cases. *See* Doc. 3. Plaintiff, therefore, was certainly aware of her obligation to obtain and maintain a list of Plaintiff's cases so that she could make an accurate disclosure of her prior litigation history.

Accordingly, a penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995).

**E.     The Appropriate Sanction Is Dismissal Without Prejudice**

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Plaintiff's false responses to go unpunished. An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice. *See Rivera*, 144 F.3d at 731; *see also, e.g.*, *Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018)

(per curiam) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (per curiam) (same).[1]

No lesser sanction would suffice to deter this type of conduct. For example, providing Plaintiff an opportunity to amend her complaint to disclose the previous lawsuits would equate to overlooking her mendacity and her abuse of the judicial process, because that course of action would entail no penalty. *See Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006). Insofar as Plaintiff already is detained, a mere admonition or a finding of contempt would not deter Plaintiff or other inmates or pretrial detainees from making false representations to the court. Dismissal without prejudice would serve as a warning to Plaintiff and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (noting that a plaintiff's misrepresentation about

---

[1] Courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. The statute of limitations for claims under section 1983 brought in Florida is four years. So the statute of limitations likely would not bar Plaintiff from refiling this action in the near future.

previous lawsuits may violate Rule 11). Thus, the District Court should dismiss this action.

## III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for maliciousness and abuse of the judicial process.

2. **DIRECT** the clerk of the court to close this case.

At Pensacola, Florida, this <u>3rd</u> day of June, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate**

**judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**